J. T. WILLIAMS AND RAY HURD v.
ELZA G. HENCY ET UX AND FRED R. SAVELLE ET UX

73-47                                    495 S.W. 2d 875

Opinion Delivered June 11, 1973

[Rehearing denied July 16, 1973.]

*Wommack & Lineberger*, for appellants.

*Putman, Davis & Bassett* and *John O. Maberry*, for appellees.

CONLEY BYRD, Justice. The trial court, upon the ground of a civil conspiracy, entered judgments against appellants J. T. Williams and Ray Hurd in favor of appellees Elza Hency and wife in the amount of $265 and in favor of appellees Fred R. Savelle and wife in the amount of $925. For reversal appellants do not question the damages but only contend that the trial court erred in finding that their acts constituted a civil conspiracy.

The record stated in the light most favorable to trial court's finding shows that Hency's father died leaving a tract of land. Hency mentioned to appellant Hurd, a distant relative, that he was going to have to sell the land to divide it among the heirs. Hurd procured Williams to find a buyer for the lands. When Williams found a buyer for the land he caused a contract to be prepared reciting a cash down payment of $1000, the acceptance of a farm tractor at a value of $800, and a balance of $14,700 payable together with interest at 8% per annum in monthly installments of $85.00 each. When the Hencys refused to sign the offer, Hurd and Williams pressured the Hencys into accepting the offer by telling them that the Savelles would bring suit. They also told them that the Savelles would pay the balance off in a few months. Williams put $408 of the $1000 cash down payment into an escrow account. He paid a portion of the balance out in lawyer's fees, abstractor's fees, etc. Hurd took possession of the farm tractor. After the Savelles took possession they realized that the $85 monthly payment was not paying the accumulated 8% interest. Thereafter, the Hencys refunded the $1000 cash down payment and the parties mutually rescinded the contract of sale. Appellants refused to surrender the farm tractor. Admittedly, neither Hurd nor Williams is a licensed realtor.

Ark. Stat. Ann. § 71-1301 (Repl. 1957), makes it unlawful for any person not licensed to act as a real estate broker. Ark. Stat. Ann. § 71-1302 (Repl. 1957), provides that one not licensed as a broker or salesman cannot recover a commission in connection with the sale of real estate.

In *Mason* v. *Funderburk,* 247 Ark. 521, 446 S.W. 2d 543 (1969), we pointed out that a civil conspiracy is a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means, to the injury of another. Other jurisdictions point out that a prima facie case of civil conspiracy is established when there is shown a concert of action for the accomplishment of an unlawful act. See *Weber* v. *Paul,* 241 Iowa 121, 40 N.W. 2d 8 (1949).

Here the appellants could not lawfully act as real estate brokers nor collect a commission for such unlawful act. In addition their oppressive tactics resulted in a shoddy contract which would never pay the interest—to say nothing about the principal. Therefore, we agree with the trial court that the acts complained of amounted to a civil conspiracy.

Affirmed.